IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-1554

SPENCER KONTNIK,
  for himself and other
  similarly situated individuals,

  Plaintiff,

v.

LexVid Services, Inc.,

  Defendant.

_____

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT**
_____

## I.   INTRODUCTION

1. Attorneys licensed in 46 states are subject to mandatory Continuing Legal Education (CLE) requirements as a condition of maintaining their licenses. At least in part because of that mandated patronage, providing CLE courses accepted by various state bars is a thriving business, and has attracted many entrants, including Defendant.

2. Many of those courses, including all or virtually all of Defendant's courses, are offered online, either live in real time or recorded. Because of

1

convenience and flexibility, the online format is attractive to many attorneys. Online offerings are generally less expensive than in-person CLE courses.

3. Plaintiff Spencer Kontnik has a significant hearing loss, as do many other attorneys, and he is unable to fully understand and benefit from online CLE courses using the online audio. Kontnik requires captioning, in which the spoken material is put into written form displayed in synch with the oral presentation.

4. Defendant does not offer captioning, and therefore denies Kontnik and all members of the putative class the benefit of Defendant's course offerings.

5. As is set forth in this Complaint, the Americans with Disabilities Act (ADA) requires CLE providers to make those accommodations available. The Complaint seeks 1) a declaratory judgment stating that Defendant must provide those accommodations, 2) a nationwide injunction requiring Defendant to offer those accommodations to Kontnik and to any other members of the putative class who wish to take Defendant's CLE courses, and to publicize the availability of those accommodation, and 3) for attorneys' fees and litigation costs and expenses.

## II.   PARTIES

6. Plaintiff Spencer Kontnik is an attorney licensed in Colorado and a resident of Denver. He is a principal in the Denver firm of Kontnik | Cohen specializing in employment and disability-rights litigation. He graduated from the

University of Denver Sturm College of Law in 2014, and received a bachelor's degree from the University of Colorado in 2010.

5.      Defendant LexVid Services, Inc., is a Delaware corporation headquartered in San Diego, California, offering CLE courses under the name LexVid, https://www.lexvid.com/. LexVid is an approved Colorado CLE provider.

### III.     JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 because the claims are made under the federal Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and specifically 42 U.S.C. § 12189, which applies to any person that offers courses related to licensing. This Court may grant equitable relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), and may award fees, costs and expenses to a prevailing party pursuant to 42 U.S.C. § 12205.

7.      This Court has personal jurisdiction over non-resident Defendant because it actively solicits business in Colorado, advertises that its courses will fulfill Colorado CLE requirements and has undertaken the necessary steps to qualify as an approved CLE provider in Colorado. This case arises out of those purposeful acts.

8. Venue is proper in this district and division because plaintiff Kontnik is a resident and some of the acts and omissions giving rise to this case occurred here.

## IV.   OPERATIVE FACTS

9. Colorado requires attorneys to complete and report 45 hours of CLE every three years. Colorado permits some of those hours to be obtained through online, on-demand courses, and during the Covid quarantine, permits all 45 hours to be earned through on-demand online courses.

10. Defendant offers individual courses approved for CLE credit by the Colorado Board of Continuing Legal Education. Defendant also offers both annual individual CLE passes and "bundles" of pre-approved or attorney-selected Colorado courses sufficient to satisfy the full 45-hour CLE requirement with a single purchase. Both the unlimited annual package ($129 as of June 1, 2021) and the Colorado bundles ($69 for a curated selection of 45 hours) are offered at a very substantial savings over the individually purchased courses.

11. Plaintiff Kontnik has had a profound hearing loss in his right ear since he was six (6) years old, and had a severe-to-profound impairment in his left ear, in which he wore a hearing aid. He now has a cochlear implant (CI) and a hearing aid, and when he removes those, he is unable to hear.

12. Virtually all television sets have a closed-caption feature, enabling viewers, at their option, to display captions on the screen while not altering the television experience for individuals who do not wish to see the captions. Kontnik watches television with the captions engaged, and the captions enable him to enjoy television.

13. Online CLE material can also have a closed-caption feature, giving viewers the option of activating captions should they choose to do so. If Defendant included that option, Kontnik could benefit from its courses.

14. Kontnik has a busy litigation practice, so he appreciates the convenience and flexibility of on-demand, online CLE such as the courses offered by Defendant. He also does not always space out his CLE obligations evenly over his three-year reporting period, which can prompt a demand for a significant number of on-demand CLE courses.

15. Because Defendant is among the lowest-cost providers of bundled CLE courses approved in Colorado, Kontnik wishes to include their courses among his available CLE options.

16. On April 23, counsel sent letters by email attachment on behalf of Kontnik and seven other deaf and hard of hearing attorneys to Defendant and several other online CLE providers asking whether captioning was or could be

provided, asking for a response on or before May 14 and stating that a failure to respond would be construed as a denial of those requests.

17. Later on April 23, Defendant sent an email that acknowledged receipt of the letter and stated that representatives would be in touch, but Defendant did not respond by the requested date, and has not done so.

18. Kontnik has checked Defendant's website and seen that Defendant offers courses he would be interested in considering, he has found no indication that the courses are captioned and therefore accessible to him. He would therefore have to buy those courses without any way of knowing whether he could benefit from them.

## V.   CAUSE OF ACTION

19. The Americans with Disabilities Act is a "national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101 (b)(1).

20. The ADA has a specific provision dealing addressing the issue presented by this lawsuit, as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. § 12189.

21. Courses that satisfy requirements necessary to maintain an active license to practice law are related to licensing for professional purposes, and must therefore be offered in a manner accessible to persons with disabilities.

22. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual," 42 U.S.C. § 12102 (1)(A), and lists hearing, learning and working as among "major life activities," 42 U.S.C. § 12102(2)(A). The existence of a disability is to be determined "without regard to the ameliorative effects of mitigating measures such as … hearing aids and cochlear implants," 42 U.S.C. § 12102(4)(E)(i)(I). Because his hearing impairment prevents Kontnik from understanding and therefore learning from online CLE courses that lack captioning, he is a person with a disability within the meaning of the ADA as it applies to online CLE courses.

23. The regulations specifically implementing § 12189 state that providing courses in an accessible format may require the provider to offer "auxiliary aids and services," 28 C.F.R. § 36.309(c)(3), which are defined by example as "interpreters or other effective methods of making orally delivered materials available to individuals with hearing impairments," *id.* Regulations generally implementing Title III of the ADA, of which § 12189 is a part, explicitly

list "open and closed captioning" as examples of auxiliary aids and services. 28 C.F.R. § 36.303(b)(1).

24. By failing to provide captioning or any other effective method of making orally delivered material available to Kontnik or other members of the putative class of similarly situated attorneys, Defendant is violating the ADA.

25. Captioning online CLE content is feasible. The Practicing Law Institute has been offering captioning since at least 2018, https://www.pli.edu/accessibility (last visited May 16, 2021). Attorney Credits captions its streaming videos. https://www.attorneycredits.com/features/feature-faq (last visited May 16, 2021). In response to the April 23 letter, the National Business Institute, https://www.nbi-sems.com/, MyLawCLE, https://mylawcle.com/ (which shares CLE content with the Federal Bar Association) and the National Academy of Continuing Legal Education https://www.nacle.com/ committed both to providing captions and to indicating that captioning is available. MyLawCLE has done so for at least some of its offerings, https://mylawcle.com/products/how-the-ada-impacts-websites-and-mobile-apps-and-what-businesses-should-do-about-it/ (last visited June 3, 2021).

26. Kontnik and other members of the putative class of deaf and hard of hearing attorneys are entitled to the full range of CLE options available to attorneys without hearing impairments.

27. If Defendant provided captioning and made that availability known, Kontnik and other members of the putative class would be able to at least consider those courses as possible means of satisfying their CLE requirements in Colorado and other states where Defendant is an approved CLE provider.

28. The ADA permits private individuals to bring an action for injunctive relief to prevent further violations, 42 U.S.C. § 12188(a)(1) (incorporating remedies available under 42 U.S.C. § 2000a-3), including an order that necessary auxiliary aids and services be provided, 42 U.S.C. § 12188(a)(2).

29. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57, Fed. R. Civ. P., empower this Court to declare the rights of interested parties.

30. Plaintiff Kontnik is entitled to a declaratory judgment that Defendant must provide captioning and other auxiliary aids and services to make its courses accessible to him and to other members of the putative class of similarly situated attorneys, and to an injunction requiring Defendant to do so.

31. Additionally, Kontnik is entitled to a declaratory judgment that the Defendant must indicate on its websites and in any other advertising that captioning or other auxiliary aids and services can be provided for its courses, and if captioning is provided for fewer than all courses, must indicate the courses for which captioning is available through such designation as a [cc] icon placed next to each course title.

## VI.   CLASS ALLEGATIONS

32. Plaintiff brings this action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, and ask this Court to certify a class defined as follows:

> All attorneys subject to mandatory Continuing Legal Education requirements who, because of their hearing losses, need captioning or other auxiliary aids and services to understand and therefore benefit from the courses offered by Defendants.

33. Based on objective data from a random sample of the adult population, Lin et al. from Johns Hopkins University estimate that some 15 million Americans between the ages of 20 and 70 have an impairing hearing loss, which is roughly 7% of the overall population in that age range. https://www.statista.com/statistics/241488/population-of-the-us-by-sex-and-age/ (last visited May 15, 2021).

34. There are roughly 1.33 million lawyers in the United States as of 2020, https://www.statista.com/statistics/740222/number-of-lawyers-us/#:~:text=The%20total%20number%20of%20lawyers,2015%20figure%20of%201.3%20million. (last visited May 15, 2021). If lawyers sustain impairing hearing loss at the same rate as the general population aged 20-70, these numbers would

10

suggest that over 90,000 U.S. attorneys have an impairing hearing loss, and many would benefit from captioning or other auxiliary aids and services.

35.  The requirements of Rule 23(a), Fed. R. Civ. P., are satisfied for the following reasons:

**Numerosity**: As stated in Paragraphs 26 and 27, the putative class members are too numerous to be joined and impossible to identify.

**Commonality and Typicality:** The questions of law and fact raised by Kontnik's complaint would be common to the issues raised by any other attorney with hearing loss concerning Defendant's courses, and the requested relief would benefit all members of the putative class. Because the claim is being brought under Title III of the ADA, which does not permit individuals to recover monetary damages, there are no individual issues, although members of the putative injunction class could still seek damages under any state or local law that might provider for such relief.

**Fair and Adequate Representation:** There are no conflicts between Kontnik's claims and the interests of any member of the putative class because an injunction requiring the provision of necessary auxiliary aids and services including captioning would not preclude any class member from seeking the particular aid and service required by that individual. Undersigned pro hac vice counsel has considerable experience representing plaintiffs in cases seeking to

require the provision of auxiliary aids and services for people with hearing loss, including *Childress v. Fox,* 932 F.3d 1165 (8th Cir. 2019) and *Washington State Comm'n Access Project v. Regal Cinemas et al.,* 293 P.3d 413 (Wash. App. 2013). Because certification is being sought under Rule 23(b)(2), which does not require notice or provide for opting out of the claims for equitable relief, there will be no difficulty managing the class. Kontnik can fairly represent the interests of all such potential claimants.

36. The requirements of Rule 23(b)(2) are satisfied because Defendant's failures to provide auxiliary aids and services affects all potential class members equally, and injunctive and declaratory relief requiring Defendant to provide captioning and other auxiliary aids and services would remedy that failure for all members of the putative class.

## VII. PRAYER FOR RELIEF

32. Plaintiff is entitled to relief as follows pursuant to the provisions of 42 U.S.C. § 12188(a)(1), which incorporates the remedies of 42 U.S.C. § 2000a(3):

    a. For a declaratory judgment stating that the ADA requires Defendant to provide auxiliary aids and services including but not limited to captioning for all courses, and for a nationwide injunction requiring it to do so;

    b. For a declaratory judgment stating that Defendant must provide notice in all advertising that captioning and other auxiliary aids and services are

available, and for which courses, and for a nationwide injunction requiring Defendant to do so;

      c.     For all costs of court, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205;

      d.     For such other and further relief as may be appropriate.

DATED this 9th day of June, 2021.

/s/ John F. Waldo

John F. Waldo
Texas Bar. No. 20679900

Law Office of John F. Waldo
2108 McDuffie Street
Houston, TX 77019
206-849-5009
johnfwaldo@hotmail.com